Michael S. Kogan (SBN 128500)
Peter F. Jazayeri (SBN 199626)
**ERVIN, COHEN & JESSUP LLP**
9401 Wilshire Boulevard, Ninth Floor
Beverly Hills, California 90212-2974
Telephone (310) 273-6333
Facsimile (310) 859-2325
mkogan@ecjlaw.com

Attorneys for Debtor

# UNITED STATES BANKRUPTCY COURT

## CENTRAL DISTRICT OF CALIFORNIA

## LOS ANGELES DIVISION

| | |
|---|---|
| In re<br><br>LAWRENCE HART,<br><br>    Debtor. | Case No. 2:09-bk-45932-BR<br><br>Chapter 11<br><br>**MOTION TO EXTEND TIME OF DEADLINE FOR FILING PLAN OF REORGANIZATION AND DISCLOSURE STATEMENT; MEMORANDUM OF POINTS AND AUTHORITIES AND DECLARATION OF LAWRENCE HART IN SUPPORT THEREOF**<br><br>Date:    [No Hearing Requested]<br>Time:<br>Place:   Courtroom 1368 |

**TO THE HONORABLE BARRY RUSSELL, UNITED STATES BANKRUPTCY JUDGE, THE OFFICE OF THE UNITED STATES TRUSTEE, AND OTHER INTERESTED PARTIES:**

Orange County Motorsports, Inc. ("OCMI") (Case No. 2:09-bk-45902-BR), and Lawrence Hart dba LA Cycles and/or LA Yamaha ("Hart") (Case No. 2:09-bk-45932-BR),

IDOCS:13792.2:1000917.1

debtors and debtors in possession herein (OCMI and Hart are collectively referred to as the "Debtors"), will and hereby does move the Court (the "Motion") for an order to extend the deadline to file its Plan of Reorganization and Disclosure Statement (collectively, the "Plan") from **March 18, 2010 to April 14, 2010** pursuant 11 U.S.C. Section 105 ("Section 105").

By the Motion, the Debtors seek an extension of time to file its Plan for approximately one month due to other deadlines that it has agreed to with some of its secured creditors. In particular, GE Commercial Distribution Finance Corporation ("CDF") and Polaris Acceptance ("Polaris" and collectively with CDF, the "Creditors") have agreed to allow the Debtors to use cash collateral under the following time periods:

(i) Initial Term: Through and including March 15, 2010.

(ii) Extended Term (sale): If the Debtor files a motion (the "Sale Motion") pursuant to Section 363 of the Bankruptcy Code prior to March 15, 2010 to sell certain of its assets, including the Inventory Collateral, which motion provides for the payment in full of the allowed claims of the Creditors at closing of such sale, then the terms shall be extended to the earlier of (a) sixty (60) days from the date the Sale Motion is filed; or (b) the closing of the sale contemplated by the Sale Motion.

(iii) **Extended Term (plan): If the Debtor fails to find a buyer or file a Sale Motion prior to March 15, 2010, then the Debtor shall have until April 14, 2010 to file a plan and disclosure statement**. If the Debtor files a plan and disclosure statement within such time period, then use of cash collateral shall continue until the earlier of (a) the hearing to consider approval of the disclosure statement; or (b) May 14, 2010. If the Court approves the Disclosure Statement, then use of cash

1 | collateral shall continue until the earlier of (x) the hearing to consider
2 | confirmation of the plan; or (y) June 15, 2010.

Based upon the time periods agreed it makes sense to approve the extension to allow the Debtors the appropriate time to file their Plan. The Court had set March 18, 2010, as the deadline to file the Plan (the "Deadline"), without the benefit or knowledge of the Debtors agreement with the Creditors and potential sale. It would be extremely prejudicial to the Debtors, and creditors of the estate to not extend the deadline as requested herein, as it will benefit all creditors for the Debtors to file its Plan after knowing if the potential sale of substantially all of its assets will occur. In addition, as set forth in the Court's notice, which is attached hereto and incorporated herein by this reference as Exhibit "A", the Court can still use the status conference set for April 13, 2010 at 10:00 a.m., to set dates for the Disclosure Statement hearing.

This Motion is based on the Motion, the Memorandum of Points and Authorities, the Declaration of Lawrence Hart filed in support thereof, the Court's records and files in this Chapter 11 case and such other matters as may be brought to the attention of the Court at or prior to its determination of this Motion.

Dated: February 2, 2010

MICHAEL S. KOGAN
Ervin, Cohen & Jessup LLP


By:/s/ Michael S. Kogan
Michael S. Kogan
Attorneys for Debtor

# MEMORANDUM OF POINTS AND AUTHORITIES

## I.

## INTRODUCTION

By this Motion, Orange County Motorsports, Inc. ("OCMI") (Case No. 2:09-bk-45902-BR), and Lawrence Hart dba LA Cycles and/or LA Yamaha ("Hart") (Case No. 2:09-bk-45932-BR), debtors and debtors in possession herein (OCMI and Hart are collectively referred to as the "Debtors"), will and hereby does move the Court (the "Motion") for an order to extend the deadline to file its Plan of Reorganization and Disclosure Statement (collectively, the "Plan") from **March 18, 2010 to April 14, 2010** pursuant 11 U.S.C. Section 105 ("Section 105"), and, as set forth below.

## II.

## STATEMENT OF FACTS

The Debtors commenced this case by filing their voluntary petitions under Chapter 11 of Title 11 of the United States Code on December 18, 2009 (the "Petition Date"). The Orange County Motorsports, Inc. ("OCMI") (Case No. 2:09-bk-45902-BR), and Lawrence Hart dba LA Cycles and/or LA Yamaha ("Hart") (Case No. 2:09-bk-45932-BR), debtors and debtors in possession herein (OCMI and Hart are collectively referred to as the "Debtors") filed separate Chapter 11 petitions. No trustee has been appointed, and the Debtors continue to operate as debtors in possession pursuant to 11 U.S.C. §§1107 and 1108.

The Debtors are licensed vehicle dealers in the business of selling, leasing and repairing new and used motorcycles and motorsports. The Debtors have six locations in California and Colorado which motorcycles are sold, along with a corporate office and a warehouse in Los Angeles. The Debtors employ approximately one hundred and twenty (120) employees to carry out their business operations. Historically, the Debtors collectively had yearly revenue of approximately $70,000,000. The primary source of income for the Debtor's business is the sale of both new and used vehicles.

The precipitous decline in vehicle sales, driven by the overall economic recession, created

losses over the last few months which gave the Debtors no alternative. The Debtors were informed and believe that, without the commencement of this case, the Debtor's ability to operate was at risk. Subsequently, the Debtors commenced its Chapter 11 bankruptcy case.

By the Motion, the Debtors seek an extension of time to file its Plan for approximately one month due to other deadlines that it has agreed to with some of its secured creditors. In particular, GE Commercial Distribution Finance Corporation ("CDF") and Polaris Acceptance ("Polaris" and collectively with CDF, the "Creditors") have agreed to allow the Debtors to use cash collateral under the following time periods:

(iv) Initial Term: Through and including March 15, 2010.

(v) Extended Term (sale): If the Debtor files a motion (the "Sale Motion") pursuant to Section 363 of the Bankruptcy Code prior to March 15, 2010 to sell certain of its assets, including the Inventory Collateral, which motion provides for the payment in full of the allowed claims of the Creditors at closing of such sale, then the terms shall be extended to the earlier of (a) sixty (60) days from the date the Sale Motion is filed; or (b) the closing of the sale contemplated by the Sale Motion.

(vi) **Extended Term (plan): If the Debtor fails to find a buyer or file a Sale Motion prior to March 15, 2010, then the Debtor shall have until April 14, 2010 to file a plan and disclosure statement.** If the Debtor files a plan and disclosure statement within such time period, then use of cash collateral shall continue until the earlier of (a) the hearing to consider approval of the disclosure statement; or (b) May 14, 2010. If the Court approves the Disclosure Statement, then use of cash collateral shall continue until the earlier of (x) the hearing to consider confirmation of the plan; or (y) June 15, 2010.

Based upon the time periods agreed it makes sense to approve the extension to allow the Debtors the appropriate time to file their Plan. The Court had set March 18, 2010, as the deadline to file the Plan (the "Deadline"), without the benefit or knowledge of the Debtors agreement with the Creditors and potential sale. It would be extremely prejudicial to the Debtors, and creditors of the estate to not extend the deadline as requested herein, as it will benefit all creditors for the Debtors to file its Plan after knowing if the potential sale of substantially all of its assets will occur. In addition, as set forth in the Court's notice, which is attached hereto and incorporated herein by this reference as Exhibit "A", the Court can still use the status conference set for April 13, 2010 at 10:00 a.m., to set dates for the Disclosure Statement hearing.

### III.

### THE COURT HAS THE INHERENT POWER TO EXTEND THE TIME TO OBJECT TO CLAIMS

Section 105 (a) of the Bankruptcy Code provides:

> The court may issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title. No provision of this title providing for the raising of an issue by a party in interest shall be construed to preclude the court from, sua sponte, taking any action or making any determination necessary or appropriate to enforce or implement court orders or rules, or to prevent an abuse of process.

In United States v. Energy Resources Co., 495 U.S. 545, 549, 110 S.Ct. 2139, 2142, (1990), the Supreme Court explained that the broad powers conferred by Section 105(a) are consistent with the "traditional understanding" that bankruptcy courts are courts of equity. While Section 105(a) endows bankruptcy courts with broad equitable powers, Section 105(a) may be exercised only in a manner not inconsistent with the provisions of the Bankruptcy Code. See Norwest Bank Worthington v. Ahlers, 485 U.S. 197, 199, 108 S.Ct. 963, 965 (1988).

In this case, the Court has the inherent power pursuant Section 105(a), as a court of equity, to extend the time in which the Debtor may file its Plan. By exercising its authority to extend the time to file the Debtor's Plan, the Court is not exercising such authority in a manner, which is inconsistent with the provisions of the Bankruptcy Code. There is no provision in the Code which sets forth a deadline date in which a Debtor, or a trustee, must file a Plan. Hence, the

1  Court may authorize the extension of time to extend the time to object to claims pursuant to
2  Section 105(a) as requested in this Motion.
3        Based on the reasons noted, the Debtor requests that the Court extend the time in
4  which the Debtors may file its Plan to April 14, 2010.

5  IV.
6  CONCLUSION

7        Based on the foregoing, the Debtor requests that the Motion be granted in all
8  respects and for such other and further relief as the Court deems just and proper.

9

10  Dated: February 2, 2010          MICHAEL S. KOGAN
                                             Ervin, Cohen & Jessup LLP
11
12
                                             By:   /s/ Michael s. Kogan
13                                                        Michael S. Kogan
                                                      Attorneys for Debtor

14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# DECLARATION OF LAWRENCE HART

I, Lawrence Hart, declare and say as follows:

1. I am the Debtor herein. I am familiar with the operations of the business, as well as with the assets and obligations to creditors. I make this declaration in support of the Motion to Extend Deadline For Filing Plan of Reorganization and Disclosure Statement (the "Motion"). I have personal knowledge of the facts set forth herein or they are based upon documents prepared by my counsel and filed in this bankruptcy case, and if called as a witness, I could and would competently testify under oath to these facts set forth herein or produce the documents filed in this bankruptcy case upon which the evidence is based. If any facts are based upon information and belief, I so state.

2. The Debtors commenced this case by filing their voluntary petitions under Chapter 11 of Title 11 of the United States Code on December 18, 2009 (the "Petition Date"). The Orange County Motorsports, Inc. ("OCMI") (Case No. 2:09-bk-45902-BR), and Lawrence Hart dba LA Cycles and/or LA Yamaha ("Hart") (Case No. 2:09-bk-45932-BR), debtors and debtors in possession herein (OCMI and Hart are collectively referred to as the "Debtors") filed separate Chapter 11 petitions. No trustee has been appointed, and the Debtors continue to operate as debtors in possession pursuant to 11 U.S.C. §§1107 and 1108.

3. The Debtors are licensed vehicle dealers in the business of selling, leasing and repairing new and used motorcycles and motorsports. The Debtors have six locations in California and Colorado which motorcycles are sold, along with a corporate office and a warehouse in Los Angeles. The Debtors employ approximately one hundred and twenty (120) employees to carry out their business operations. Historically, the Debtors collectively had yearly revenue of approximately $70,000,000. The primary source of income for the Debtor's business is the sale of both new and used vehicles.

4. The precipitous decline in vehicle sales, driven by the overall economic recession, created losses over the last few months which gave the Debtors no alternative. The Debtors were informed and believe that, without the commencement of this case, the Debtor's ability to operate was at risk. Subsequently, the Debtors commenced its Chapter 11 bankruptcy case.

5.    By the Motion, the Debtors seek an extension of time to file its Plan for approximately one month due to other deadlines that it has agreed to with some of its secured creditors. In particular, GE Commercial Distribution Finance Corporation ("CDF") and Polaris Acceptance ("Polaris" and collectively with CDF, the "Creditors") have agreed to allow the Debtors to use cash collateral under the following time periods:

(vii)    Initial Term: Through and including March 15, 2010.

(viii)    Extended Term (sale): If the Debtor files a motion (the "<u>Sale Motion</u>") pursuant to Section 363 of the Bankruptcy Code prior to March 15, 2010 to sell certain of its assets, including the Inventory Collateral, which motion provides for the payment in full of the allowed claims of the Creditors at closing of such sale, then the terms shall be extended to the earlier of (a) sixty (60) days from the date the Sale Motion is filed; or (b) the closing of the sale contemplated by the Sale Motion.

(ix)    **Extended Term (plan): If the Debtor fails to find a buyer or file a Sale Motion prior to March 15, 2010, then the Debtor shall have until April 14, 2010 to file a plan and disclosure statement.** If the Debtor files a plan and disclosure statement within such time period, then use of cash collateral shall continue until the earlier of (a) the hearing to consider approval of the disclosure statement; or (b) May 14, 2010. If the Court approves the Disclosure Statement, then use of cash collateral shall continue until the earlier of (x) the hearing to consider confirmation of the plan; or (y) June 15, 2010.

6.    Based upon the time periods agreed it makes sense to approve the extension to allow the Debtors the appropriate time to file their Plan. The Court had set March 18, 2010, as the

1  deadline to file the Plan (the "Deadline"), without the benefit or knowledge of the Debtors
2  agreement with the Creditors and potential sale. It would be extremely prejudicial to the Debtors,
3  and creditors of the estate to not extend the deadline as requested herein, as it will benefit all
4  creditors for the Debtors to file its Plan after knowing if the potential sale of substantially all of its
5  assets will occur. In addition, as set forth in the Court's notice, which is attached hereto and
6  incorporated herein by this reference as Exhibit "A", the Court can still use the status conference
7  to set dates for the Disclosure Statement hearing.
8        I declare under penalty of perjury under the laws of the United States of America
9  that the foregoing is true and correct.
10        Executed on February 2, 2010 at Los Angeles, California.

          /s/Lawrence Hart
          Lawrence Hart

Exhibit "A"

## UNITED STATES BANKRUPTCY COURT
## CENTRAL DISTRICT OF CALIFORNIA

In re

LAWRENCE HART.

Case Number LA09-45932BR
Chapter 11

FILED JAN 13 2010



ORDER FOR FILING CHAPTER 11
PLAN OF REORGANIZATION AND
DISCLOSURE STATEMENT AND
ORDER SETTING HEARING FOR
APPROVAL OF DISCLOSURE STATEMENT

DATE: APRIL 13, 2010
TIME: 10:00 a.m.
PLACE: COURTROOM 1668 16th FLR
255 E. TEMPLE STREET, LA, CA

Debtor in Possession

The debtor in possession filed a voluntary petition for relief under Chapter 11 of the Bankruptcy Code on December 18, 2009. The Court, having reviewed the debtor in possession's petition and attached documents, (to the extent that any documents, including schedules were filed with the petition) concludes that it is proper to set a deadline for the time to file the Plan of Reorganization and Disclosure Statement.

THEREFORE, IT IS HEREBY ORDERED that the debtor in possession file a Plan of Reorganization and Disclosure Statement on or before MARCH 18, 2010. The Court will review the Plan of Reorganization and Disclosure Statement to assure compliance with Sections 1123 and 1125(a)(1) of the Bankruptcy Code.

IT IS FURTHER ORDERED that on APRIL 13, 2010 at 10:00 A.M., in Courtroom 1668 of the above entitled Court, a hearing for the purpose of setting a hearing will be held for the approval of the Disclosure Statement. However, if a Plan of Reorganization and Disclosure Statement have not been timely filed, the Court may either dismiss or convert the case at that time.

Counsel for debtor in possession is to forthwith serve a copy of this Order on the United States Trustee, on all creditors' committees, and if there are no creditors' committees, then on the twenty largest unsecured creditors, and file a proof of service thereon with this Court at least two weeks prior to the above hearing date.

DATED: 1/13/10

BARRY RUSSELL
U.S. Bankruptcy Judge

rev. 9-20sf

| In re: Lawrence Hart | CHAPTER: 11 |
|---|---|
| Debtor(s). | CASE NUMBER: 2:09-bk-45932-BR |

**NOTE:** When using this form to indicate service of a proposed order, **DO NOT** list any person or entity in Category I. Proposed orders do not generate an NEF because only orders that have been entered are placed on the CM/ECF docket.

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is: 9401 Wilshire Boulevard, 9th Floor, Beverly Hills, California 90212

A true and correct copy of the foregoing document described as **MOTION TO EXTEND TIME OF DEADLINE FOR FILING PLAN OF REORGANIZATION AND DISCLOSURE STATEMENT; MEMORANDUM OF POINTS AND AUTHORITIES AND DECLARATION OF LAWRENCE HART IN SUPPORT THEREOF** will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner indicated below:

**I. TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING ("NEF")** – Pursuant to controlling General Order(s) and Local Bankruptcy Rule(s) ("LBR"), the foregoing document will be served by the court via NEF and hyperlink to the document. On February 1, 2010, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following person(s) are on the Electronic Mail Notice List to receive NEF transmission at the email address(es) indicated below:

☒ Service information continued on attached page

**II. SERVED BY U.S. MAIL OR OVERNIGHT MAIL**(indicate method for each person or entity served):
On February 1, 2010, I served the following person(s) and/or entity(ies) at the last known address(es) in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States Mail, first class, postage prepaid, and/or with an overnight mail service addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

☒ Service information continued on attached page

**III. SERVED BY PERSONAL DELIVERY, FACSIMILE TRANSMISSION OR EMAIL** (indicate method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on_____ I served the following person(s) and/or entity(ies) by personal delivery, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that personal delivery on the judge will be completed no later than 24 hours after the document is filed.

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

| February 1, 2010 | Kimberly Anthony | _/s/ Kimberly Anthony_ |
|---|---|---|
| Date | Type Name | Signature |

IDOCS:13792.2:988848.1

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

January 2009                                                                                                    F 9013-3.1

| In re:  Lawrence Hart | | CHAPTER: 11 |
|---|---|---|
| | Debtor(s). | CASE NUMBER: 2:09-bk-45932-BR |

**ADDITIONAL SERVICE INFORMATION (if needed):**

<u>TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING ("NEF")</u>

Russell Clementson on behalf of U.S. Trustee United States Trustee (LA) - russell.clementson@usdoj.gov
Steven T Gubner on behalf of Creditor Courtesy NEF - sgubner@ebg-law.com, ecf@ebg-law.com
Peter F Jazayeri on behalf of Debtor Lawrence Hart - pjazayeri@ecjlaw.com, pjazayeri@ecjlaw.com
Talin Keshishian on behalf of Creditor Kawasaki Motors Finance Corp. - tkeshishian@ebg-law.com, ecf@ebg-law.com
Eric S Pezold on behalf of Creditor Courtesy NEF - epezold@swlaw.com, dwlewis@swlaw.com
United States Trustee (LA) - ustpregion16.la.ecf@usdoj.gov
David K Eldan on behalf of Creditor Courtesy NEF - malvarado@pmcos.com

<u>VIA U.S. MAIL</u>

Hon. Barry Russell
U.S. Bankruptcy Court
255 E. Temple St., #1660
Los Angeles, CA 90012

<u>Debtor</u>
Lawrence Hart
4082 Lincoln Blvd.
Marina Del Rey, CA 90292

IDOCS:13792.2:988848.1

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

January 2009                                                                                          F 9013-3.1